**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRUCE CAROL WELLS, JR., Petitioner, v. AMY MILLER, Warden, et al., Respondents. | NO. CV 14-3213-DDP(E) ORDER OF DISMISSAL |

On April 14, 2014, Petitioner filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody" ("the Petition") in the United States District Court for the Southern District of California. By Order filed April 18, 2014, the Southern District transferred the Petition to the Central District of California.

The Petition challenges Petitioner's conviction and sentence in Los Angeles Superior Court case number MA 013226 for infliction of corporal injury on a spouse or cohabitant and mayhem (Petition at 1-2). Petitioner previously challenged this same conviction in a prior

habeas corpus petition filed in this Court. See Wells v. Small, CV 00-2051-DDP(E). On August 29, 2000, this Court entered Judgment in Wells v. Small, CV 00-2051-DDP(E), denying and dismissing the prior petition on the merits with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals (see Petition,

///

///

///

///

///

p. 5).[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; Remsen v. Att'y Gen. of Calif., 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 14, 2014.

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

PRESENTED this 29th day of April, 2014, by:

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Bruce Wells has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.